**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joan CLEMENS, aka Joan Shipp et al., Defendants-Appellees.**

No. 72–2051.

United States Court of Appeals, Fifth Circuit.

May 15, 1973.

243, expressly uses the term "affect commerce" and that the Act contains a precise definition of that term.

Hilary J. Gaudin, New Orleans, La., court appointed, for Wyble.

Gerald J. Gallinghouse, U. S. Atty., Robert L. Livingston, Mary Williams Cazalas, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before COLEMAN, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Appellants were convicted in the District Court for the Eastern District of Louisiana of a violation of 18 U.S.C. § 2422, commonly known as the Mann Act. In this appeal appellants alleged that certain items introduced in evidence against them were seized in a search conducted under an invalid warrant. We are compelled to agree with appellants' contentions and remand the case for a new trial.

These appellants, Brouillette, Clemens and Wyble, were allegedly responsible, at least in part, for causing a number of prostitutes to travel in interstate commerce from New Orleans, Louisiana, to St. Louis, Missouri. These appellants are allegedly the operators of a prostitution ring headquartered in Metairie, Louisiana. The instant prosecution results from the "supplying" of several of their "girls" to a group holding a convention in St. Louis. An earlier jury trial resulted in an acquittal of the corporation officials responsible for providing the "entertainment". In this prosecution, the defendant-appellants seem to admit that they had indeed operated in the prostitution business, but they challenge the existence of a federal violation and question the propriety of a search warrant executed against them.

The search warrant in question is fully set out in the companion case of United States of America v. Brouillette and Clemens, 5 Cir., 478 F.2d 1171 No. 72-2456 (this day rendered). Evidence obtained under the search warrant considered by this court in that case was also introduced against these appellants in this trial. Factually, the two cases involve separate trips by prostitutes allegedly under the control of these appellants. Additionally, Wanda Wyble was not a defendant in that case but is in this one. Finally, this case is brought under provisions of the Mann Act while the other case was brought under 18 U.S.C. § 1952.

 This court held in No. 72–2456 that the search warrant was invalid as the supporting affidavit did not present sufficient facts for a finding of probable cause that a federal crime had been committed. Of course, it is well settled that the fruits of an illegal search are inadmissible at a subsequent trial. We, therefore, hold that the admission of various items seized in the execution of this invalid warrant was error and that this cause must be remanded to the district court for a new trial.

Reversed and remanded.

RONEY, Circuit Judge (dissenting):

I would sustain the search warrant issued in this case on the ground that the statement in the Affidavit for Search Warrant that the property sought had been used "to promote and conduct prostitution activities through interstate travel" was sufficient, when con-

sidered with the other facts set forth in the Affidavit, to establish probable cause that a federal crime had been committed and that the address books, convention books, and financial records contained evidence of interstate criminal transactions.